**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SANTOS CANTU, on behalf of himself and others similarly situated, | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § § § | CIVIL ACTION NO. 1:19-cv-698 |
| CLEAN SCAPES L.P. and CLEAN SCAPES – DALLAS, LLC, | § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. INTRODUCTION

1.   Plaintiff is a resident of Hidalgo County, Texas, who worked as a landscape laborer for Defendants Clean Scapes L.P. and Clean Scapes – Dallas, LLC, ("Defendants") in the Dallas area. Defendants required Plaintiff to work numerous uncompensated hours each workweek, paid Plaintiff less than he was promised, and took unreasonable deductions from Plaintiff's pay. Plaintiff brings this action on behalf of himself and others similarly situated to recover damages for Defendants' violations of his rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

### II. JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

3.   Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

4.   Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2). Each Defendant resides in Texas, Defendants operate their headquarters in Austin, Texas, and a substantial portion of the communications, events, or omissions underlying Plaintiff's claims occurred in or around Austin, Texas.

## III. PARTIES

5.   Plaintiff Santos Cantu is an individual who worked for Defendants as a landscape laborer in and around Dallas, Texas. Plaintiff Santos Cantu has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

6.   Defendants Cleans Scapes L.P. is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 2631 Kramer Ln., Austin, Texas 78758. Defendant Clean Scapes L.P. may be served with process by serving its registered agent, Ivan Giraldo, at 2631 Kramer Ln., Austin, Texas 78758.

7.   Defendant Clean Scapes – Dallas, LLC, is a domestic company formed and existing under the laws of the State of Texas and whose principal place of business is 1927 Adeline St., Dallas, Texas. Defendant Clean Scapes – Dallas, LLC, may be served with process by serving its registered agent, Ivan Giraldo, at 2631 Kramer Ln., Austin, Texas 78758.

## IV. FACTS

8.   Defendant Clean Scapes L.P. is a commercial landscaping company, headquartered in Austin, Texas, that works for clients across Texas. Its main office is located at 2631 Kramer Ln., Austin, Texas 78758.

9.   Defendant Clean Scapes – Dallas, LLC, is the Dallas-based arm of Defendant Clean Scapes L.P. Its office is located at 1927 Adeline St., Dallas, Texas 75235.

10. At all times relevant to this action, Defendants acted as employers for purposes of the FLSA. 29 U.S.C. § 203(g). Among other things, the services rendered by Plaintiff and similarly situated workers were a central part of Defendants' businesses; Defendants held and exercised significant control over Plaintiff's and similarly situated workers' work; and Plaintiff and similarly situated workers worked exclusively for Defendants.

11. Plaintiff is a resident of Hidalgo County, Texas. In early 2017, Plaintiff responded to a posting on the website of the Lower Rio Grande Valley Workforce Development Board ("Workforce Solutions") for a job as a landscape laborer for Defendants. Plaintiff was hired as a landscape laborer and assigned to work in the Dallas area.

12. Defendants were required to advertise open positions with Workforce Solutions as a condition of their participation in the H-2B temporary foreign worker visa program administered by the U.S. Department of Labor ("DOL") pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a)-(b).

13. Defendants have repeatedly petitioned the Department of Homeland Security ("DHS") for permission to import foreign workers to perform landscape labor using H-2B temporary work visas.

14. By regulation, DHS requires a petition for H-2B visas to be accompanied by a temporary labor certification from DOL. To obtain such a certification, an employer must request a determination from DOL of the prevailing wage applicable to the employer's job openings and the area of employment. The employer must then engage in specific efforts to recruit U.S. workers at no less than the prevailing wage. If the recruitment efforts do not produce sufficient U.S. workers to fill all of the employer's job openings, the employer may submit a temporary labor certification application to DOL on Form 9142.

15. If DOL determines that sufficient U.S. workers are not available to fill the employer's job openings, and that the terms and conditions of work offered to foreign workers will not adversely affect the wages and working conditions of similarly employed U.S. workers, DOL approves the labor certification application. At that point the employer may petition DHS for H-2B visas.

16. In each of the years from at least 2016 to 2018, Defendants obtained a prevailing wage determination from DOL for landscape laborers and recruited and hired U.S. workers, including Plaintiff, for those positions.

17. In 2017, DOL determined that the prevailing wage for landscape laborers in the Dallas area was $12.62 per hour.

18. Plaintiff's work simultaneously benefited each Defendant during their period of employment.

19. Defendants operate as a single entity, advertised as "Clean Scapes Landscaping." On the website for Clean Scapes Landscaping, cleanscapes.net, Austin is listed as the company headquarters, while the locations in Dallas (Clean Scapes – Dallas, LLC) and San Antonio (Clean Scapes – San Antonio, LLC) are presented as branch locations. At the bottom of each page, the website notes "Copyright 2019 | Clean Scapes LP | All Rights Reserves."

20. Each of the companies that comprises Clean Scapes Landscaping uses the H-2B program to import temporary foreign landscape workers. Collectively and/or through its headquarters, Clean Scapes L.P., Clean Space Landscaping engages in efforts to recruit U.S. workers for positions at each of its locations. And collectively and/or through its headquarters, Clean Scapes L.P., Clean Scapes Landscaping makes offers to U.S. workers and assigns new hires to one of its branch locations.

21. Throughout his time working for Defendants, Plaintiff was an "employee" of both Defendant within the meaning of the FLSA, as both Defendants shared control over the manner and means of Plaintiff's work and Plaintiff's work was integral to the business of both Defendants.

22.  At all times relevant to this action, Plaintiff routinely worked more than 40 hours per week for Defendants, and regularly worked 60 hours per week or more for Defendants.

23. Each week, Defendants failed to pay Plaintiff for all hours worked, requiring Plaintiff to work for approximately 30 minutes before he clocked in at the beginning of each shift and for 30 to 90 minutes after he clocked out at the end of each shift.

24. Defendants made unreasonable deductions from each of Plaintiff's paychecks for employer-provided housing, which consisted of a single room shared with at least three other workers from the Rio Grande Valley.

25. Defendants' pay practices resulted in Plaintiff receiving less than his regular hourly wage rate for all hours of work up to 40 in each workweek and less than the required time and one-half the regular rate for all hours in excess of 40 in each workweek.

26. Further, Defendants set Plaintiff's regular hourly rate at a rate less than prevailing wage rate required to be paid to landscape laborers under the H-2B program.

27. Defendants' pay practices resulted in Plaintiff receiving less than the required prevailing wage rate for all hours of work up to 40 in each workweek and less than the required time and one-half the prevailing wage rate for all hours in excess of 40 in each workweek.

28. Each workweek, in performing their landscaping work, Plaintiff handled goods and equipment imported from other countries and states, including mowers, edgers, weed control products, and other tools and landscaping materials.

29. Defendant Clean Scapes L.P. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, (including, e.g., mowers and edgers), and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $10,000,000, exclusive of excise taxes at the retail level which are separately stated.

30. Defendant Clean Scapes – Dallas, LLC, has engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, (including, e.g., mowers and edgers) and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, and up to $3,000,000, exclusive of excise taxes at the retail level which are separately stated.

31. At all times relevant to this action, Defendants jointly controlled the work performed by Plaintiff.

32. At all times relevant to this action, Plaintiff was the employee of each Defendant.

33. Upon information and belief, Defendant Clean Scapes L.P. maintained employee records and established employee performance standards, while Defendant Clean Scapes – Dallas, LLC, directed and controlled Plaintiff's work on a day-to-day basis. Defendants shared the power to hire

and fire Plaintiff, supervise and control Plaintiff's work schedule and conditions of employment, determine the rate and method of Plaintiff's pay, and maintain records of Plaintiff's hours worked.

34. All work performed under the direction of Clean Scapes – Dallas, LLC, was performed directly or indirectly in the interest of Defendant Clean Scapes L.P.

35. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay proper overtime compensation due to Plaintiff and failing to compensate Plaintiff for all hours worked.

36. At all times relevant to this action, Defendants failed to maintain and preserve complete and accurate records of Plaintiff's hours of work as required by the FLSA.

37. At all times relevant to this action, Defendants failed to maintain and preserve complete and accurate records concerning the cost of employer-provided housing.

38. At all times relevant to this action, Defendants' failure to maintain and preserve complete and accurate records was intentional.

## V. CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT
**(Against All Defendants)**

39. This count sets forth a claim for declaratory relief and damages for each Defendant's violations of the overtime provisions of the FLSA.

40. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly-situated current and former employees of Defendants.

41. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Class" as follows: "All workers who were employed as landscape laborers by Clean Scapes L.P. and Clean Scapes – Dallas, LLC, during the relevant statute of limitations."

42. All potential FLSA Class Members are similarly situated because, among other things, they were all employees of these Defendants and, upon information and belief, all suffered from the same policies of these Defendants, including the failure to pay the proper overtime rate for all hours over 40 in a workweek as required under FLSA.

43. All potential FLSA Class Members worked primarily as landscape laborers and were not exempt from the FLSA overtime protections.

44. Defendants did not pay potential FLSA Class Members based on their actual hours worked. Defendants failed to maintain and preserve complete and accurate records of the hours worked by and compensation paid to all potential FLSA Class Members as required by the FLSA.

45. Defendants' failure to pay Plaintiff and FLSA Class Members their federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. For these violations, Plaintiff and all potential FLSA Class Members are entitled to recover their unpaid wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendants in violation of the FLSA, as set forth above;

b. Certify this action to proceed as a collective action under 29 U.S.C. § 216(b), and authorize the appropriate notice of this suit, and the opportunity to opt into it, to be provided to all potential members of the FLSA Class;

c. Award damages to Plaintiff and FLSA Class Members for Defendants' failure to pay overtime wages under the FLSA and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Award Plaintiff the costs of this action;

e.  Award Plaintiff reasonable attorney's fees;

f.  Award Plaintiff post-judgment interest; and

g.  Grant such other relief as this Court deems just and proper.


Dated:  July 10, 2019                          Respectfully submitted,

                                               /s/ Rebecca Eisenbrey
                                               Rebecca Eisenbrey
                                               Texas State Bar No.: 24097646
                                               reisenbrey@equaljusticecenter.org

                                               Christopher J. Willett
                                               Texas State Bar No. 24061895
                                               cwillett@equaljusticecenter.org

                                               Equal Justice Center
                                               510 S. Congress Ave., Ste 206
                                               Austin, Texas 78704
                                               Tel (512) 474-0007, ext. 132
                                               Fax (512) 474-0008


                                               ATTORNEYS FOR PLAINTIFF